IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSASENE WATSON,

   Plaintiff,

v.                                           Civil Action No.: JKB-21-825

DAVID HIMMELMANN,

   Defendant.

## MEMORANDUM

On April 8, 2021, Plaintiff Rusasene Watson, who is currently incarcerated at the Baltimore County Detention Center, filed the above-captioned case, together with a Motion to Proceed in Forma Pauperis (ECF 2), which the Court now grants. For the reasons stated below, the Complaint must be dismissed for lack of jurisdiction.

Watson asserts that he was arrested on December 21, 2020 and released the following day. ECF 1 at 2. When he returned to his apartment, he allegedly discovered that all of his belongings had been removed. *Id.* He states that David Himmelmann, his landlord, together with Himmelmann's mother, went into his apartment, "robbed" him, and changed the locks on the apartment. *Id.* As relief, he seeks the return of his property, including $4,000 in cash, and a return of all the rent money he paid Himmelmann from August 17, 2020 to March 30, 2021. *Id.* at 3.

Federal courts "may not exercise jurisdiction absent a statutory basis[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Title 28 U.S.C. § 1331 provides that federal courts may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," which is commonly known as federal question jurisdiction. 28 U.S.C. § 1331. For a court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim, and must be substantial and not plainly frivolous. *McLucas v. DeChamplain*, 421

U.S. 21, 28 (1975). Where no federal question is presented, a court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and the suit is between citizens of different States.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To establish jurisdiction, a court looks to those facts that are affirmatively alleged in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party seeking to avail itself of this Court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Watson invokes this Court's diversity jurisdiction; however, this is improper because both parties to this action are residents of Maryland. Further, even affording the Complaint a liberal construction, it states no federal question, as the Complaint does not reference any federal laws and Himmelmann is not a State actor. Absent any discernible basis for this Court's jurisdiction, the Complaint must be dismissed without prejudice. A separate Order follows.

Dated this /4 day of April, 2021.

FOR THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge